Case 1:13-cv-01634-DLB   Document 6   Filed 10/15/14   Page 1 of 7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| LEON M. SORIANO,        | Case No. 1:13-cv-01634 DLB PC |
|---|---|
| Plaintiff,              | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v.                      |  |
| CONNIE GIPSON, et al.,  | THIRTY-DAY DEADLINE |
| Defendants.             |  |

Plaintiff Leon M. Soriano ("Plaintiff"), a state prisoner proceeding pro se, filed this action on October 10, 2013. Plaintiff names Warden Connie Gipson, Capt. Campbell, Lt. Brodie, Sgt. Vogel, Sgt. Tecumseh, and Sgt. Sanchez as Defendants.[1]

**A.  SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on November 1, 2013.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.   ALLEGATIONS IN COMPLAINT**

Plaintiff is currently housed at Corcoran State Prison ("CSP") in Corcoran, California, where the events at issue occurred.

Plaintiff alleges as follows. On March 18, 2013, at approximately 9:45 a.m., a massive yard search of B-yard buildings was being conducted. During the search, three correctional officers approached Cell 51, which is where Plaintiff was housed at the time. The correctional officers were there to escort Plaintiff to a holding facility where Plaintiff, along with other prisoners, would be walked through metal detectors. Plaintiff noticed that the correctional officers were carrying "flex cuff" restraints. Plaintiff informed the correctional officers, the yard sergeant,

1  and the yard captain that flex cuffs placed on bare skin of ankles would cause injury to Plaintiff.
2  Plaintiff requested he be allowed to wear thermal bottoms instead of boxers in order to protect his
3  ankles.  Sergeants Vogel and Tecumseh denied his requests and told him he needed to go out in
4  his boxers, t-shirt, and shower shoes.  Plaintiff asked for Lt. Brodie but Sgt. Tecumseh advised
5  him he was busy.  Plaintiff then spotted Lt. Brodie and called out to him, but Lt. Brodie walked
6  out of the building.  Plaintiff was then flex cuffed and placed in metallic leg restraints.

7  Plaintiff was then escorted to the yard holding cages.  He was informed that all prisoners
8  had to be escorted through highly sensitive metal detectors.  Plaintiff was then escorted the length
9  of 2 1/2 football fields to the Central Control 4B Visiting Area.  Plaintiff states he was escorted by
10 Sgt. Sanchez.  During the escort, Plaintiff states he informed Sgt. Sanchez that he was having
11 great discomfort and his ankles were being cut and bleeding due to the flex cuffs.  Sgt. Sanchez
12 dismissed his complaints and told him, "You're a tough guy."  Plaintiff states he had to stop
13 walking on several occasions.  At the Central Control 4B Visiting Area, he was then wanted with a
14 hand held metal detector.

15 When Plaintiff was returned to the yard cages, the flex cuffs were removed.  Plaintiff
16 claims his ankles had been deeply cut.  Plaintiff advised Sgt. Tecumseh who looked at his ankles
17 and directed other officers to escort Plaintiff to the medical station.  Sgt. Tecumseh then had other
18 officers place metal leg irons over the wounds, despite Plaintiff's request to have something
19 placed on the wounds to protect them.  Plaintiff was then escorted to the medical station.  He was
20 seen by R.N. Ratcliff who assessed the injury as "small abrasions to ankles."  Ratcliff cleansed the
21 wound, applied antimicrobial ointment, but did not apply any bandages.

22 Plaintiff seeks monetary damages in the amount of $50,000.00 and injunctive relief
23 directing CDCR to no longer use plastic flex cuffs or restraints on bare skin.

24 **C.    DISCUSSION**

25      1.    Linkage and Rule 8

26 As explained above, Plaintiff must demonstrate that each defendant personally participated
27 in the deprivation of his rights.  Iqbal, 129 S.Ct. at 1949.  This requires the presentation of factual
28 allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v.

3

U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

Similarly, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Plaintiff does not link Defendant Campbell to any factual allegations. Accordingly, Plaintiff fails to state a claim against Defendant Campbell.

### 2. Supervisory Liability

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Moss v. U.S. Secret Service, 711 F.3d 941, 967-68 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Insofar as Plaintiff seeks to hold Defendants Campbell and Brodie liable based on their supervision of subordinate employees, or their failure to train their employees, he cannot do so.

3. <u>Conditions of Confinement</u>

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. <u>Morgan</u>, 465 F.3d at 1045 (citing <u>Rhodes</u>, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. <u>Morgan</u>, 465 F.3d at 1045 (quotation marks and citations omitted); <u>Hope v. Pelzer</u>, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); <u>Rhodes</u>, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, <u>Morgan</u>, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of serious harm to his health or safety. <u>E.g.</u>, <u>Farmer</u>, 511 U.S. at 847; <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1150-51 (9th Cir. 2010); <u>Foster v. Runnels</u>, 554 F.3d 807, 812-14 (9th Cir. 2009); <u>Morgan</u>, 465 F.3d at 1045; <u>Johnson</u>, 217 F.3d at 731; <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff makes no allegation against Defendant Brodie. Plaintiff states that Defendant Brodie walked out of the building when Plaintiff attempted to call to him. This is insufficient to demonstrate that Defendant Brodie was deliberately indifferent to a substantial risk of harm to Plaintiff's health or safety.

Plaintiff states Defendants Vogel and Tecumseh applied flex cuffs and leg restraints to Plaintiff despite Plaintiff's protests. Plaintiff further alleges that Vogel and Tecumseh refused to allow Plaintiff to put thermal pants on to protect his ankles. Plaintiff admits that all prisoners were

5

similarly escorted as part of a massive yard search. Plaintiff also alleges that Tecumseh ordered metal leg restraints be placed on Plaintiff after the flex cuffs had been removed and after Tecumseh had directed officers to take Plaintiff to the medical station. Based on these factual allegations, Plaintiff fails to demonstrate that Vogel and Tecumseh were deliberately indifferent to a substantial risk of serious harm to Plaintiff's health or safety.

Plaintiff claims that Defendant Sanchez escorted him from his cell to the holding cages. Plaintiff states he advised Defendant Sanchez that he was experiencing great discomfort and that his ankles were being cut into and bleeding during the escort. He alleges that Defendant Sanchez denied his pleas, told him he was a "tough guy," and directed him to continue walking. Plaintiff's discomfort and the abrasions caused to his ankles by the leg restraints simply do not constitute a substantial risk of serious harm to Plaintiff's health or safety under the Eighth Amendment.

Accordingly, Plaintiff fails to state as claim against Defendants Brodie, Vogel, Tecumseh, and Sanchez. He will be permitted to amend this claim.

## D. CONCLUSION AND ORDER

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:  **October 15, 2014**                    /s/ *Dennis L. Beck*
                                            UNITED STATES MAGISTRATE JUDGE