1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON M. SORIANO, | Case No. 1:13-cv-01634 DLB PC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND |
| v. | |
| CONNIE GIPSON, et al., | ORDER DIRECTING CLERK OF COURT TO CLOSE CASE |
| Defendants. | |
| _____/ | |

Plaintiff Leon M. Soriano ("Plaintiff"), a state prisoner proceeding pro se, filed this action on October 10, 2013.[1]  On October 15, 2014, the Court screened the complaint and dismissed it with leave to amend.  On November 17, 2014, Plaintiff filed a First Amended Complaint which is before the Court for screening.

A.      **<u>SCREENING STANDARD</u>**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on November 1, 2013.

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.**      **ALLEGATIONS IN COMPLAINT**

Plaintiff is currently housed at Corcoran State Prison ("CSP") in Corcoran, California, where the events at issue occurred.  Plaintiff names Connie Gipson, Sergeant Vogel, Sergeant Temuseh, Sergeant Sanchez, and Lieutenant Brodie as Defendants.

Plaintiff alleges as follows.  On March 18, 2013, at approximately 9:45 a.m., a massive yard search of 4B-yard buildings was being conducted.  During the search, three correctional officers approached Cell 51, which is where Plaintiff was housed at the time.  The correctional

1    officers were there to strip out Plaintiff and escort him along with other prisoners.  Plaintiff

2    noticed that the correctional officers were carrying "plastic flex cuff" restraints.  Plaintiff informed

3    the correctional officers, Sergeant Temuseh, and Sergeant Vogel that flex cuffs placed on bare

4    skin of ankles would cause severe injury to prisoners.  Plaintiff requested he be allowed to wear

5    thermal bottoms in order to protect his ankles.  Sergeants Vogel and Tecumseh denied his requests

6    and told him he needed to go out in his boxers, t-shirt, and shower shoes.  Plaintiff asked to speak

7    to Lieutenant Brodie who was standing at the right stair well.  Plaintiff called out to Lieutenant

8    Brodie who was observing the floor.  Lieutenant Brodie denied Plaintiff's request.  Sgt. Temuseh

9    denied Plaintiff's request to speak to Brodie stating the Lieutenant was busy.  Plaintiff was then

10   flex cuffed on his bare ankles.  Plaintiff asked to be wanded so he could be placed in metal leg

11   restraints instead, but the request was denied.

12       Plaintiff was then forced to walk the length of 2 1/2 football fields to the 4B Central

13   Control Visiting Room from Yard Building 4B/2L for what was to be a walk through a highly

14   sensitive metal detector.  When it was Plaintiff's turn to walk through the machine, staff wanded

15   Plaintiff.  Plaintiff states this could have been done at his cell door and would have avoided the

16   severe pain he experienced.

17       When Plaintiff was returned to the yard cages, his flex cuffs were cut off of his ankles

18   which had been cut deeply.  Plaintiff informed the escorting correctional officers to call the

19   sergeant to come and look at the damage.  Sergeant Temuseh came and ordered Plaintiff to be

20   taken to medical.  Plaintiff asked his ankles to be wrapped before they put the metal leg restraints

21   on the bleeding open wounds, but they refused and Plaintiff had to endure further severe pain due

22   to the metal leg restraints rubbing on the ankle wounds.

23       Plaintiff was taken to medical where staff took photos and did a medical review of damage.

24   The ankles were cleaned but no protection or gauze was given to cover the ankles.  Plaintiff was

25   escorted back.

26       Plaintiff seeks monetary damages in the amount of $50,000.00 and injunctive relief

27   directing CDCR to no longer use plastic flex cuffs or restraints on bare skin.

28

1  **C.**     **DISCUSSION**

2          1.     Linkage and Rule 8

3          As explained above, Plaintiff must demonstrate that each defendant personally participated

4  in the deprivation of his rights.  Iqbal, 129 S.Ct. at 1949.  This requires the presentation of factual

5  allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v.

6  U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls

7  short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

8          Similarly, a complaint must contain "a short and plain statement of the claim showing that

9  the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

10 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

11 conclusory statements, do not suffice."  Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v.

12 Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted

13 as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).

14 While factual allegations are accepted as true, legal conclusions are not.  Id.

15         Plaintiff does not link Defendants Gipson or Sanchez to any factual allegations.

16 Accordingly, Plaintiff fails to state a claim against Defendants Gipson and Sanchez.

17         2.     Supervisory Liability

18         Supervisory personnel may not be held liable under section 1983 for the actions of

19 subordinate employees based on *respondeat superior*, or vicarious liability.  Crowley v. Bannister,

20 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726

21 F.3d 1062, 1074-75 (9th Cir. 2013); Moss v. U.S. Secret Service, 711 F.3d 941, 967-68 (9th Cir.

22 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).  "A supervisor

23 may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2)

24 there is a sufficient causal connection between the supervisor's wrongful conduct and the

25 constitutional violation."  Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal

26 quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.

27 "Under the latter theory, supervisory liability exists even without overt personal participation in

28 the offensive act if supervisory officials implement a policy so deficient that the policy itself is a

4

1   repudiation of constitutional rights and is the moving force of a constitutional violation."

2   Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal

3   quotation marks omitted).

4        Insofar as Plaintiff seeks to hold Defendants Gipson and Brodie liable based on their

5   supervision of subordinate employees, or their failure to train their employees, he cannot do so.

6        3.    Conditions of Confinement

7        The Eighth Amendment's prohibition against cruel and unusual punishment protects

8   prisoners not only from inhumane methods of punishment but also from inhumane conditions of

9   confinement.   Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v.

10  Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347,

11  101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and

12  often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of

13  pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).

14  Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving

15  standards of decency that mark the progress of a maturing society violate the Eighth Amendment.

16  Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730,

17  737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

18       Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,

19  clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th

20  Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains

21  while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks

22  omitted).  In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege

23  facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of

24  serious harm to the plaintiff.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144,

25  1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465

26  F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

27       Plaintiff states that Defendant Brodie ignored his request to come over to him to speak to

28  him.  This is insufficient to demonstrate that Defendant Brodie was deliberately indifferent to a

1  substantial risk of harm to Plaintiff's health or safety.

2         Plaintiff states Defendants Vogel and Temuseh applied flex cuffs and leg restraints to

3  Plaintiff despite his protests that the restraints would cause damage.  Plaintiff further alleges that

4  Vogel and Temuseh refused to allow Plaintiff to put thermal pants on to protect his ankles stating

5  that Plaintiff was required to be stripped out to boxers, t-shirt, and shower shoes.  Plaintiff also

6  alleges that Temuseh ordered Plaintiff be placed in metal leg restraints over his injured ankles and

7  directed officers to take Plaintiff to the medical station.  According to the medical report that

8  Plaintiff attaches as an exhibit, Plaintiff sustained small abrasions to his ankles which was

9  cleansed and left open and exposed to air.

10        Like the original complaint, based on these factual allegations, Plaintiff fails to

11 demonstrate that Vogel and Temuseh were deliberately indifferent to a substantial risk of serious

12 harm to Plaintiff's health or safety.  Plaintiff fails to show how Defendants knew of and

13 disregarded an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837.  The

14 possibility that Plaintiff would experience discomfort and abrasions to his ankles by the leg

15 restraints simply does not constitute a substantial risk of serious harm to Plaintiff's health or safety

16 under the Eighth Amendment.

17        Accordingly, Plaintiff fails to state a claim against Defendants Brodie, Vogel or Temuseh.

18 **D.    CONCLUSION AND ORDER**

19        Plaintiff's complaint fails to state a claim upon which relief may be granted under section

20 1983.  The Court previously provided Plaintiff with an opportunity to amend and based on the

21 nature of the deficiencies at issue, further leave to amend would be futile.  Akhtar v. Mesa, 698

22 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

23        Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to state a

24 claim upon which relief may be granted under section 1983, and the Clerk of the Court shall enter

25 judgment.

26 ///

27 ///

28 ///

1    ///

2

3    IT IS SO ORDERED.

4        Dated:   **September 15, 2015**                    /s/ Dennis L. Beck

5                                          UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28